UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARMANDO CRESCENZI, JAMES KENNEDY, ALBERT
SIMMONS, HOWARD DALTON and ORAL FIELDS,

**PROPOSED JUDGMENT**

Plaintiffs,

13-CV-0822(GBD)

-against-

THE CITY OF NEW YORK, P.O. ASHA HARRIS, SHIELD
NO. 160096, Individually and in his Official Capacity, P.O.
BRUCE LANGSTON, SHIELD NO. 16440, Individually and
in his Official Capacity, VERONICA M. WHITE, Chairman of
the New York City Department of Parks and Recreation,
Individually and in her Official Capacity and P.O. "JOHN
DOE" #1-10 Individually and in their Official Capacity (the
name John Doe being fictitious as the true names are
unknown),

Defendants.
------------------------------------------------------------------------ x

  **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about February 5, 2013, alleging that the defendants violated plaintiffs' federal civil rights, under the Fourth and Fourteenth Amendment of the Constitution, by stopping, seizing, and/or otherwise having their liberty restrained through the issuance of civil summonses, regarding street vending activities by disabled veteran vendors along the sidewalk located in front of the Metropolitan Museum of Art; and

  **WHEREAS,** upon conducting discovery, the parties identified 298 instances, between August 5, 2011 through September 18, 2013, where plaintiffs were stopped, seized and/or otherwise had their liberty restricted and issued civil summonses by the New York City Department of Parks and Recreation (the "Disputed Summonses"); and

**WHEREAS,** all the Disputed Summonses charged plaintiffs with violating Section 1-03(1)(c) of Title 56 of the Rules of the City of New York ("RCNY") for not complying with a directive premised on an alleged violation of Section 35-a(7)(i) of the New York State General Business Law ("Section 35-a(7)(i)"); and

**WHEREAS,** plaintiffs' false arrest claims allege that the Disputed Summonses were improperly issued because plaintiffs were not in violation of Section 35-a(7)(i) and, as a result, were not obligated to comply with defendant officers' orders, under Section 1-03(c) of the RCNY, to relocate their carts; and

**WHEREAS,** plaintiffs agreed to limit their causes of action to claims of false arrest under the Fourth Amendment and violations of the Fourteenth Amendment's Equal Protection Clause; and

**WHEREAS,** plaintiffs further agreed to pursue this action against defendants in their official capacity under a theory of municipal liability only; and

**WHEREAS,** defendants then moved for a Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, based on a joint statement of facts, regarding two legal threshold issues: 1) whether defendants' interpretation of Section 35-a(7)(i), as imposing a restriction on the placement of vending carts, was correct as a matter of law; and 2) whether plaintiffs have to establish a similarly situated class of vendors in order to maintain their Equal Protection claim; and

**WHEREAS,** the Court issued, on July 26, 2017, a Memorandum Decision and Order denying Judgment on the Pleadings as to plaintiffs' false arrest claim and granting Judgment on the Pleadings as to plaintiffs' Equal Protection claim (the "Decision"); and

**WHEREAS,** the Court found, in the Decision, that Section 35-a(7)(i) does not impose a restriction on the placement of vending carts and only imposes a length and width restriction on the size of vending carts and that plaintiffs have, therefore, plausibly alleged that the officers, who issued the Disputed Summonses, lacked probable cause for their issuance because plaintiffs were not obligated to comply with defendant officers' orders, under Section 1-03(c) of the RCNY, to relocate their carts; and

**WHEREAS,** the parties entered into a Stipulation dated March 26, 2018 (the "Stipulation"), regarding the remaining issues of law and fact in lieu of a trial in this matter; and

**WHEREAS,** in light of the Decision and the Stipulation, on March 29, 2018 this Court entered Judgment finding that from August 5, 2011 through September 18, 2013, defendant City of New York improperly operated under an official custom and practice of interpreting Section 35-a(7)(i) as imposing a placement restriction on the location of vending carts in relation to the sidewalk curb in front of the Metropolitan Museum of Art and ordering disabled veteran vendors located in front of the Metropolitan Museum of Art to relocate if their vending carts were more than three feet from the sidewalk curb, which led to the issuance of the Disputed Summonses without probable cause in violation of the Fourth Amendment, which in turn caused the named plaintiffs compensatory damages, and dismissing with prejudice the remaining claims asserted in the Complaint and all claims against the individually named parties (the "Judgment"); and

**WHEREAS,** by Notice Appeal dated and filed on April 9, 2018 the Defendants appealed from the Judgment; and

**WHEREAS,** by Decision dated October 3, 2019, the United States Court of Appeals for the Second Circuit reversed the Judgment; and

**WHEREAS,** by Mandate issued on December 4, 2019, the United States Court of Appeals for the Second Circuit "ORDERED, ADJUDGED and DECREED that the judgment of the district court is REVERSED and the case is REMANDED to the district court with instructions to enter judgment for the City" (the "Mandate"); and

**WHEREAS,** in light of the Mandate;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Judgment is entered for the City Defendants on all claims alleged in the Amended Complaint.

2. This matter is dismissed in its entirety with prejudice and without costs to either party.

Dated: New York, New York

December _12_, 2019

SO ORDERED:

_George B. Daniels_
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
Dated: December ___, 2019

4